UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMOKERS ALLEY INC., | Case No. 1:25-cv-01012-CDB |
| Plaintiff, | ORDER DENYING PARTIES' STIPULATED REQUEST TO AMEND SCHEDULING ORDER |
| v. | |
| MERCEDES-BENZ USA, LLC, | (Doc. 16) |
| Defendant. | |

Plaintiff Smokers Alley Inc., ("Plaintiff") initiated this action with the filing of a complaint in state court on June 30, 2025, before Defendant Mercedes-Benz USA, LLC ("Defendant") removed the action to this Court on August 13, 2025. (Doc. 1). On November 17, 2025, the Court entered the scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 10). The scheduling order admonished the parties that *"[s]tipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate exhibits, which establish good cause granting the relief requested."* *Id.* at 8 (emphasis in original).

Pending before the Court is the parties' stipulated request to amend the operative scheduling order, filed on May 11, 2026 (Doc. 16) – the same day nonexpert discovery closed. The parties represent that they "have been working diligently to complete discovery" which "was unable to be completed sooner" due to busy schedules. *Id.* at 2. The parties assert good cause

exists to amend the scheduling order to allow the parties additional time to complete outstanding discovery based on "the busy trial calendars and unavailability of the Parties' attorneys and experts." *Id.* at 2-3.

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Here, although the parties represent that good cause exists to grant their request because they have "been working diligently to complete discovery[,]" their generalized characterizations are insufficient for the Court to measure the diligence with which the case has been litigated. This is why the Court admonished the parties upon scheduling the case that it would not consider stipulated requests to extend deadlines unless supported by attorney declarations that establish good

cause – namely, diligence – for granting an extension. (Doc. 10 at 8). Instead of providing in support of their request the required declarations detailing their diligent conduct of discovery, the parties rely on unsworn representations about the procedural posture of the case. But the Court's dispositive inquiry focuses on the parties' diligence (*Zivkovic*, 302 F.3d at 1087), not generalized statements of unrealized delays in the prosecution of the case due to "busy trial calendars." *Zivkovic*, 302 F.3d at 1087.

The parties' failure to factually establish their conduct of discovery with due diligence is highlighted by their delay until the day nonexpert discovery closed before seeking relief of Court. *See* Local Rule 144(d) ("Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent."); Doc. 10 at 4 ("No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least three days before the first deadline the parties wish to extend."). In short, because the parties fail to demonstrate that they are unable to reasonably meet a deadline despite acting diligently, the Court is unable to find that an extension of case management dates is warranted. *Johnson*, 975 F.2d at 609.

**Conclusion and Order**

Accordingly, the parties' stipulated request to amend the operative scheduling order (Doc. 16) is DENIED.

IT IS SO ORDERED.

Dated:   **May 12, 2026**

_____
UNITED STATES MAGISTRATE JUDGE