UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SMOKERS ALLEY INC.,

Plaintiff,

v.

MERCEDEZ-BENZ USA, INC.,

Defendant.

Case No. 1:25-cv-01012 CDB

ORDER SETTING SETTLEMENT CONFERENCE AND PARAMETERS; SCHEDULING THE PRE-SETTLEMENT CONFERENCE DISCUSSION

**Pre-settlement Conference:**

| | |
|---|---|
| Plaintiff: | October 28, 2026, 12:15 pm |
| Defendant: | October 28, 2026, 12:45 pm |
| **Settlement Conference:** | November 2, 2026, 10:00 am |

Magistrate Judge Erin Guy Castillo will hold an in-person settlement conference for this case on **November 2, 2026, at 10:00 a.m. in Courtroom 7 at the Robert E. Coyle Courthouse, 2500 Tulare Street, Fresno, CA 93721**. The Court has reserved the afternoon for this settlement conference and expects the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case.

Consideration of settlement is a serious matter that requires thorough presentation before the settlement conference. Accordingly, IT IS HEREBY ORDERED that:

**PRE-SETTLEMENT EXCHANGE OF DEMAND AND OFFER**

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Thus, no later than October 9, 2026, if not already done,

Plaintiff's counsel shall submit a written itemization of damages and a settlement demand to Defendant's counsel with a brief explanation of why such a demand is reasonable and appropriate. That same day, Defendant's counsel shall submit a written offer to Plaintiff's counsel with a brief explanation of why the offer is reasonable and appropriate. On occasion, this process will lead directly to settlement. *If settlement is not achieved, the parties shall include their respective demand and offer letters with their Settlement Conference Statement described below.*

**ATTENDANCE OF TRIAL COUNSEL AND PARTIES REQUIRED**

Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall personally attend the conference.

Parties with full and complete settlement authority are required to personally attend the conference. *See* Local Rule 270(f). An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has authority to settle the matter up to the limits of the opposing parties' existing settlement demand. An uninsured corporate party shall appear by a representative authorized to negotiate, and who has authority to settle the matter up to the amount of the opposing parties' existing settlement demand. Except under the most extenuating circumstances, having a client with authority available by telephone is not an acceptable alternative[1].

**MEDIATION FORMAT**

The Court generally uses a mediation format: a joint session with a brief opening presentation by each side, followed by private caucusing by the Court with each side. The Court reserves the right to dispense with the opening presentations of counsel if the Court determines that such presentations are not likely to be productive. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind to reassess their previous positions and to consider creative means to resolve their disputes.

**SETTLEMENT CONFERENCE STATEMENT**

On or before October 21, 2026, each party must submit to Judge Guy Castillo's chambers

---

[1] Out of town or out of state travel and the purchase of an airline ticket are not extenuating circumstances. The Court will, however, consider whether the costs of travel will impede a settlement agreement.

at egcorders@caed.uscourts.gov a Settlement Conference Statement. These Statements should not be filed on the docket nor served on any other party. In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively for the Court to prepare for and conduct the settlement conference. They will not become part of the case file and will be shredded thereafter under Local Rule 270(e). If applicable, the statements should be marked "CONFIDENTIAL." *See* Local Rule 270(d).

The Statement should not exceed fifteen (15) pages, excluding exhibits, and include:

(1) A brief recitation of the facts and whether any facts are stipulated.

(2) What issues (in and outside of the lawsuit) need to be resolved? What are the strengths and weaknesses of your case? What evidence supports your factual position?

(3) An itemized estimate of the expected costs for further discovery (if any), pretrial, and trial matters, in specific dollar terms.

(4) Your best estimate of the probability Plaintiff will prevail at trial.

(5) Your best estimate of damages or relief Plaintiff may recover at trial if Plaintiff prevails (in specific dollar terms and/or injunctive relief, if applicable).

(6) A history of any settlement discussions (including the recent demand and offer letters) and a candid statement of your party's current position on settlement, including the amount that you will give/accept to settle.

(7) A list of the individuals who will be attending the settlement, including names and, if appropriate, titles.

(8) Are there any outstanding lien holders or third parties who should be invited to participate in the settlement conference?

(9) What are impediments to settlement? Financial? Emotional? Legal? Is there an insurance policy triggered by the claim? If so, what type and what are the deductible or SIR limits?

(10) Are there possibilities for a creative resolution of the dispute?

(11) The parties may attach pertinent exhibits, such as expert or medical reports, or diagrams, etc., if appropriate.

**STATEMENTS INADMISSIBLE**

The Court expects the parties to address each other with courtesy and respect. Parties must be able to be frank and open in their discussion. As a result, consistent with Federal Rule of Evidence 408(a), all statements made by the parties relating to the substance or merits of the case, whether written or oral, made during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not be settled.

**TELEPHONIC PRE-SETTLEMENT CONFERENCE DISCUSSION**

Judge Guy Castillo will hold a short, pre-settlement conference discussion via Zoom videoconference on October 28, 2026, at 12:15 p.m. for Plaintiff and October 28, 2026, at 12:45 p.m. for Defendant**.** Only the lead attorney from each side[2] should participate. The Courtroom Deputy Clerk will send to counsel a Zoom videoconference link before the scheduled pre-settlement conference discussion. The link is confidential and shall not be shared.

IT IS SO ORDERED.

Dated: **September 16, 2026**

Erin Guy Castillo
UNITED STATES MAGISTRATE JUDGE

[2] The Court expects that the attorneys participating in the pre-settlement conference discussion will also participate in the settlement conference.